IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> v.<br><br>DENBIGH PHYSICAL THERAPY<br>AND SPORTS MEDICINE, LLC, and<br>SUZANNE FOXX,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(False Claims Act, unjust enrichment, payment by mistake)**

The United States of America ("United States" or "Government") brings this action to recover damages from false claims submitted to the TRICARE program, as a result of the sustained fraudulent course of conduct of the defendants, Denbigh Physical Therapy and Sports Medicine, LLC, and Suzanne Foxx (collectively "Defendants"). Beginning in 2008, Defendants began submitting, or causing to be submitted, claims to TRICARE for physical therapy services that were not provided, that contained overcharges (upcoding), or that were provided by unlicensed physical therapy aides in direct contravention of TRICARE requirements. By knowingly submitting, or causing to be submitted, false claims for reimbursement, Defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*., were unjustly enriched, and were paid by mistake.

# I

## NATURE OF ACTION

1. The United States brings this action to recover treble damages and civil penalties under the FCA and, in the alternative, for other monetary relief under common law equitable theories of unjust enrichment, common law fraud, and payment by mistake.

2. The United States bases its claims on Defendants submitting and causing to be submitted false or fraudulent claims to TRICARE in violation of 31 U.S.C. §§ 3729(a)(1), 3729(a)(1)(A), and 3729(a)(1)(B).

3. Within the time frames detailed below, Defendants knowingly submitted, or caused to be submitted, thousands of false claims to TRICARE for reimbursement, which resulted in hundreds of thousands of dollars of reimbursement that would not have been paid but for Defendants' misconduct.

# II

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345.

5. This Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) and because Defendants reside and transact business in the Eastern District of Virginia.

6. Venue is proper in the Eastern District of Virginia under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c) because Defendants reside and transact business in this District.

III

PARTIES

7.  The United States, acting through Congressional appropriations for the activities of the Department of Defense ("DOD"), cost-shares for medical care, subject to applicable law and regulation, for beneficiaries of the TRICARE (formerly CHAMPUS) program. These beneficiaries include active duty and retired uniformed services personnel and their dependents. Payment by TRICARE for these benefits is made through a Managed Care Support Contractor ("MCSC"), when medically necessary, covered healthcare for its beneficiaries is rendered by TRICARE authorized civilian health care providers. See 10 U.S.C. §§ 1071-1110b.

8.  Defendant Denbigh Physical Therapy and Sports Medicine, LLC ("Denbigh PT") is a Virginia limited liability company headquartered in Newport News, Virginia.

9.  Denbigh PT provides physical therapy services and is a TRICARE network provider.

10.  Suzanne Foxx, a resident of Virginia, is the founder and sole owner of Denbigh PT.

11.  Suzanne Foxx has been the sole licensed physical therapist employed by Denbigh PT since at least 2008 and is responsible for coding physical therapy services provided at Denbigh PT.

IV

THE FALSE CLAIMS ACT

A.  <u>The False Claims Act</u>

12.  The FCA provides, in pertinent part, that any person who:

(A)  knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

3

    (B)    knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim…

\* \* \*

is liable to the United States Government [for statutory damages and such penalties as are allowed by law].

31 U.S.C. § 3729(a)(1)-(2) (2006), as amended by 31 U.S.C. § 3729(a)(1)(A)-(B) (West 2010).

    13.    The FCA further provides that "knowing" and "knowingly"

    (A)    mean that a person, with respect to information-

    (i)    has actual knowledge of the information;
    (ii)    acts in deliberate ignorance of the truth or falsity of the information; or
    (iii)    acts in reckless disregard of the truth or falsity of the information; and

    (B)    require no proof of specific intent to defraud[.]

31 U.S.C. § 3729(b) (2006), as amended by 31 U.S.C. § 3729(b)(1) (West 2010).

    14.    The FCA provides that a person is liable to the United States Government for three times the amount of damages which the Government sustains because of the act of that person, plus a civil penalty of $5,500 to $11,000 per violation.  31 U.S.C. § 3729(a)(1).

V

TRICARE

    15.    TRICARE is a program of medical benefits provided by the United States Government, under public law to specified categories of individuals who are qualified for these benefits by virtue of their relationship to one of the seven Uniformed Services.  The funds used by TRICARE to pay medical claims of qualified individuals are appropriated funds.  32 C.F.R. §199.1(e).

16. The Director of the Defense Health Agency (DHA) is responsible for making such arrangements as are necessary to adjudicate and process claims. *Id*. 199.1(f). In providing civilian healthcare for its beneficiaries, TRICARE processes claims from civilian providers primarily through Managed Care Support Contractors ("MCSCs"). 32 C.F.R. § 199.17(a)(1). The MCSCs negotiate special arrangements with civilian sector health care providers which are known as "network agreements."

17. Health Net Federal Services, Inc. (hereinafter, "Health Net"), is the MCSC for the TRICARE North Region, of which the Commonwealth of Virginia is a part. Health Net subcontracts with PGBA, LLC ("PGBA"), a private claims processing business, to receive and process claims on its behalf received from civilian providers.

18. Defendants herein were and are Health Net "network providers" in that they entered into a network agreement with Health Net. The TRICARE claims submitted or caused to be submitted by Defendants and at issue in this FCA lawsuit were processed by Health Net.

19. The network agreements between Health Net and the Defendants contain or incorporate by reference, terms, rules and conditions derived from the laws and regulations governing the operations of TRICARE, the DOD regulations (32 C.F.R. Part 199) relevant to the TRICARE program and TRICARE manuals including those covering reimbursement.

20. In general terms, these contracts require the healthcare provider, and specific to this case, the Defendants, to submit bills according to treatment codes which represent the level of medical complexity involved in the care, the time that is consumed in rendering of such care, and expenses incurred or items consumed in rendering of such care, to submit bills that clearly state what care was provided, to clearly state who provided the care and follow the contractually directed procedures for submitting such bills. Healthcare providers, such as the Defendants, are

required to submit bills pursuant to their TRICARE contracts, using a claim form, CMS 1500, "Health Insurance Claim Form", or the electronic equivalent thereof, when bills are presented electronically (hereinafter, the "claim forms").

21. In the instant case, the Defendants submitted or caused to be submitted claim forms to PGBA, which processed the claims for payment by TRICARE based on information provided by the Defendants.

22. In general terms, the claim form requires the healthcare provider, and specific to this case, the Defendants, to submit bills using certain five-digit codes, known as Current Procedural Terminology, or CPT codes, that identify the services rendered and for which reimbursement is sought, and the time consumed in rendering the services. The CPT codebook is published by the American Medical Association.

23. The presentation of such claim form constitutes (i) an assertion that the medical care has been rendered to eligible beneficiaries, (ii) that such care is in the nature of that represented by the billing codes appearing on the form and (iii) that the care was rendered by the individual indicated on the form to have provided the care.

VI

FRAUDULENT SCHEME

24. From at least January 1, 2011, through at least December 31, 2014, Defendants executed a scheme by which they obtained health care benefit payments from TRICARE to which they were not entitled, by submitting and causing to be submitted false and fraudulent claims to TRICARE, through its subcontractors.

25. Defendants frequently billed TRICARE, per patient, for two units of CPT code 97110 (therapeutic exercises), one unit of CPT code 97140 (manual therapy), and 1 unit of CPT

code 97035 (ultrasound) or 97033 (iontophoresis). Each of these CPT codes requires the provider to have direct, one-on-one contact with the patient for a minimum of 15 minutes per unit. If one unit is provided, it may be billed if at least 8 minutes of one-on-one patient to provider contact is billed. If two units of any one code are provided, a minimum of 23 minutes of that code must be provided (8+15) for two units to be billed, and so on.

26. Defendants submitted or caused to be submitted claim forms to PGBA with CPT codes that reflected a higher level of care, greater complexity of care, and/or greater time consumed in rendering care than was actually rendered to the TRICARE beneficiary who received treatment.

27. Health Net would not have paid claims submitted by Defendants if it had known the claims reflected a higher level of care, greater complexity of care, and/or greater time consumed in rendering care than was actually rendered to the TRICARE beneficiary who received treatment.

28. Defendants submitted or caused to be submitted claim forms to PGBA with CPT codes that reflected care that was not properly documented in the medical record to support the CPT codes that were billed.

29. Health Net would not have paid claims submitted by Defendants if it had known that care was not documented or not documented in a manner that supported the CPT codes that were billed.

30. Defendants also submitted or caused to be submitted claims to PGBA that asserted services were rendered by a licensed physical therapist, when in fact the services were rendered by unlicensed physical therapy aides.

7

31. Health Net would not have paid claims submitted by Defendants had it known that the asserted services were not rendered by a licensed therapist.

32. For example, on January 31, 2011, Defendants billed TRICARE for services provided to patient K.R. between 8:30 and 10:00 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. K.R. did not receive one-on-one care during this time period. Between 8:00 a.m. and 11:15 a.m. on January 31, 2011, defendants also billed various health care payors for 14 other patients, billing in the aggregate for CPT codes representing at least 538 minutes of one-on-one care for these 15 patients (K.R. and the other 14 patients) during that time period.

33. For example, on November 29, 2011, Defendants billed TRICARE for services provided to S.L. between 3:30 p.m. and 5:10 p.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. S.L. did not receive one-on-one care during this time period. Between 2:30 p.m. and 6:20 p.m. on November 29, 2011, defendants also billed various health care payors for 14 other patients, billing in the aggregate for CPT codes representing at least 569 minutes of one-on-one care for these 15 patients (S.L. and the other 14 patients) during that time period.

34. For example, on April 25, 2011, Defendants billed TRICARE for services provided to L.C. between 8:20 a.m. and 9:40 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. L.C. did not receive one-on-one care during this time period. Between 8:00 a.m. and 10:35 a.m. on April 25, 2011, defendants also billed various health care payors for 9 other patients, billing in the aggregate for CPT codes representing at least 367 minutes of one-on-one care for these 10 patients (L.C. and the other 9 patients) during that time period.

35. For example, on July 29, 2011, Defendants billed TRICARE for services provided to P.Z. between 8:15 a.m. and 9:45 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. P.Z. did not receive one-on-one care during this time period. Between 8:00 a.m. and 11:10 a.m. on July 29, 2011, defendants billed various health care payors for 10 other patients, billing in the aggregate for CPT codes representing at least 398 minutes of one-on-one care for these 11 patients (P.Z. and the 10 other patients) during that time period.

36. For example, on March 11, 2013, Defendants billed TRICARE for services provided to M.B. between 9:00 a.m. and 10:05 a.m. Defendants billed two units of CPT code 97110 and one unit of CPT code 97140. M.B. did not receive one-on-one care during this time period. Between 8:00 a.m. and 11:10 a.m. on March 11, 2013, defendants billed various health care payors for 12 other patients, billing in the aggregate for CPT codes representing at least 445 minutes of one-on-one care for these 13 patients (M.B. and the 12 other patients) during that time period.

37. For example, on May 23, 2013, Defendants billed TRICARE for services provided to J.W. between 3:00 p.m. and 4:20 p.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. J.W. did not receive one-on-one care during this time period. Between 2:30 p.m. and 5:20 p.m. on May 23, 2013, defendants billed various health care payors for 9 other patients, billing in the aggregate for CPT codes representing at least 351 minutes of one-on-one care for these 10 patients (J.W. and the 9 other patients) during that time period.

38. For example, on February 9, 2011, Defendants billed TRICARE for services provided to A.S. between 9:55 a.m. and 11:10 a.m. Defendants billed two units of CPT code

97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. A.S. did not receive one-on-one care during this time period. Between 9:00 a.m. and 11:45 a.m. on February 9, 2011, defendants billed various health care payors for 14 other patients, billing in the aggregate for CPT codes representing at least 538 minutes of one-on-one care for these 15 patients (A.S. and the 14 other patients) during that time period.

39. For example, on October 18, 2012, Defendants billed TRICARE for services provided to A.F. between 10:00 a.m. and 11:25 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. A.F. did not receive one-on-one care during this time period. Between 10:00 a.m. and 12:30 p.m. on October 18, 2012, defendants billed various health care payors for 7 other patients, billing in the aggregate for CPT codes representing at least 312 minutes of one-on-one care for these 8 patients (A.F. and the 7 other patients) during that time period.

40. For example, on May 11, 2012, Defendants billed TRICARE for services provided to D.F. between 8:30 a.m. and 9:50 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. D.F. did not receive one-on-one care during this time period. Between 8:00 a.m. and 11:00 a.m. on May 11, 2012, defendants billed various health care payors for 9 other patients, billing in the aggregate for CPT codes representing at least 390 minutes of one-on-one care for these 10 patients (D.F. and the 9 other patients) during that time period.

41. For example, on March 25, 2011, Defendants billed TRICARE for services provided to J.L. between 8:05 a.m. and 9:45 a.m. Defendants billed two units of CPT code 97110, one unit of CPT code 97140, and 1 unit of CPT code 97035. J.L. did not receive one-on-one care during this time period. Between 8:00 a.m. and 11:00 a.m. on March 25, 2011,

defendants billed various health care payors for 12 other patients, billing in the aggregate for CPT codes representing at least 399 minutes of one-on-one care for these 13 patients (J.L. and the 12 other patients) during that time period.

42. At all times, Dr. Suzanne Foxx was the only licensed physical therapist employed by or present at Denbigh PT, and no licensed physical therapy assistants were employed. All physical therapy services not rendered in the illustrative claims above by Dr. Foxx was rendered by unlicensed aides.

43. For the illustrative claim forms submitted above and others, Defendants submitted, or caused to be submitted, claim forms representing that one-on-one treatment had been provided by a licensed physical therapist, despite knowing that one-on-one treatment had not been provided, and that in fact, unlicensed aides had been providing the care. Suzanne Foxx coded the patient charts as though patients had received one-on-one treatment, and caused bills to be submitted to PGBA indicating that these patients had received such care despite knowing that these patients had received a different or lower level of care or care that had not been provided by a licensed therapist.

CLAIMS FOR RELIEF

COUNT I
False Claims Act, 31 U.S.C. §3729(a)(1)(A)
Making a False Claim

44. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 43 hereinabove.

45. The False Claims Act, 31 U.S.C. § 3729 *et seq.,* provides in relevant part, that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval is liable to the Unites States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. §3729(a)(1)(A).

46. At all times relevant to this lawsuit, TRICARE paid the Defendants, with funds supplied by the United States, through the United States Treasury, based on Defendants' submission of at least 3,000 claim forms (CMS 1500), or the electronic equivalent thereof that falsely represented the medical care provided to TRICARE beneficiaries in violation of Section 3729(a)(1)(A).

47. Defendants are, therefore, liable to the United States for adjusted civil penalties between $5,500 and $11,000 for each claim, plus three times the amount of damages the United States sustained because of the Defendants' conduct.

## COUNT II
### False Claims Act, 31 U.S.C. § 3729(a)(1)(B)
### Knowingly Making or Using a False or Fraudulent Record Material to a False or Fraudulent Claim

48. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 43 hereinabove and further alleges as follows.

49. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, provides in relevant part, that any person who "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1)(B).

50. At all times relevant to this lawsuit, TRICARE paid the Defendants, with funds supplied by the United States, through the United States Treasury, based on the Defendants' submission of at least 3,000 claim forms (CMS 1500), or the electronic equivalent thereof that contained false statements of the medical care provided to TRICARE beneficiaries in violation of Section 3729(a)(1)(B).

51. The Defendants are therefore liable to the United States for adjusted civil penalties between $5,500 and $11,000 for each claim, plus three times the amount of damages the United States sustained because of Defendants' conduct.

## COUNT III
## Unjust Enrichment

52. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 51 hereinabove.

53. Defendants submitted claims for physical therapy services to TRICARE that reflected higher levels and minutes of care than were actually provided. Defendants also submitted claims for physical therapy that reflected services that were provided by unlicensed therapist that should have been provided only by a licensed therapist. The defendants thus obtained payments from the United States that they were not entitled to receive. Therefore, the defendants were unjustly enriched, at the expense of the United States, in such amounts as determined at trial.

## COUNT IV
## Payment By Mistake

54. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 51 hereinabove.

55. The defendants submitted claims for physical therapy services to TRICARE that reflected higher levels and minutes of care than were actually provided. Defendants also submitted claims for physical therapy that reflected services that were provided by unlicensed therapist that should have been provided only by a licensed therapist. The United States paid more money to defendants were entitled to receive.

WHEREFORE, the United States respectfully prays:

56. That the acts alleged herein be adjudged and decreed to be unlawful and in violation of the False Claims Act;

57.   That the United States recover treble damages determined to have been sustained by it pursuant to 31 U.S.C. § 3729(a) and that judgment be entered against the Defendants jointly and severally in favor of the United States.

58.   That the Defendants be ordered to pay civil penalties pursuant to 31 U.S.C. § 3729(a)(3) for each false claim or false statement;

59.   That the Defendants be ordered to return, to the United States, on equitable grounds, the amount of the payments Defendants were not entitled to receive.

60.   That the United States be awarded its costs and its expenses of this action, pursuant to 31 U.S.C. §3729(a)(3).

61.   That the United States be granted such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38 and Local Civil Rule 38, the United States demands a trial by jury on any and all issues so triable.

Dated: December 30, 2016

                        Respectfully submitted,

                        DANA J. BOENTE
                        United States Attorney

By:       /s/
                Clare P. Wuerker, VSB # 79236
                Assistant U.S. Attorney
                United States Attorney's Office
                101 W. Main St. Suite 8000
                Norfolk, VA 23510
                Tel: (757) 441-6331
                Fax: (757) 441-6689
                clare.wuerker@usdoj.gov
                *Counsel for the United States of America*